Ricky HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0322–CR.

Court of Appeals of Texas, Amarillo.

March 28, 2002.

Floyd Holder, Lubbock, Richard B. Gould, McAllen, for appellant.

William Sowder, Wade Jackson, Lubbock County Dist. Attys. Office, Lubbock, Matthew Paul, State Attys. Office, Austin, for appellee.

Before BOYD, C.J., REAVIS, and JOHNSON, JJ.

### ON REMAND FROM THE COURT OF CRIMINAL APPEALS

PHIL JOHNSON, Justice.

We previously affirmed both the conviction and sentence of appellant Ricky Hernandez for possession of more than four grams but less than 200 grams of cocaine with intent to deliver. *See Hernandez v. State*, 13 S.W.3d 492 (Tex.App.-Amarillo 2000). On discretionary review, the Court of Criminal Appeals determined that we applied an improper harm analysis in considering the effect of evidence erroneously admitted during the punishment phase of trial. *See Hernandez v. State*, 60 S.W.3d 106 (Tex.Crim.App.2001). In accordance with the opinion of the Court of Criminal Appeals, we reconsider the effect of the evidence on appellant's punishment.

Appellant was convicted for being in possession of more than four grams but less than 200 grams of cocaine with intent to deliver on August 10, 1997. The jury assessed his punishment at confinement for 25 years and a $6,000 fine.

In his seventh, eighth, and ninth appellate issues upon original submission to this court, appellant contended that the trial court erred during the punishment phase of trial by admitting evidence of an extraneous subsequent offense involving appellant's possession of cocaine. The evidence was obtained as the result of an unlawful traffic stop made on September 11, 1997. During that traffic stop, evi-

dence was obtained that appellant possessed a plastic baggy containing cocaine. *See Hernandez*, 13 S.W.3d at 503–04. Evidence that appellant possessed cocaine was admitted over his objection. We determined that the evidence was admitted in violation of appellant's United States Constitutional Fourth Amendment rights. *Id.* at 506–07. We determined that admission of the evidence was not constitutional error, and applied the harm analysis of TEX. R.APP. P. 44.2(b).[1] *Id.* at 508. The Court of Criminal Appeals determined that the correct harm analysis is the constitutional harm analysis of TRAP 44.2(a). *See Hernandez*, 60 S.W.3d at 108. In applying such harm analysis, we cannot conclude beyond a reasonable doubt that admission of the illegally-obtained evidence did not contribute to the punishment assessed. Thus, we affirm the judgment of guilt, but reverse and remand for a new trial on punishment.

■■■ The federal constitution requires exclusion from trial of evidence obtained in violation of the accused's Fourth Amendment right to privacy. *See Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961). Because the evidence that appellant possessed cocaine on September 11, 1997, was required to be excluded pursuant to the federal constitution, its admission was constitutional error and we must reverse the judgment as to punishment unless we determine beyond a reasonable doubt that the error did not contribute to the punishment. *See* TRAP 44.2(a); *Hernandez*, 60 S.W.3d at 108. In making our determination, we examine the entire record in a neutral, impartial and even-handed manner and do not make our examination "in the light most favorable to the verdict." *See Harris v. State*, 790 S.W.2d 568, 586 (Tex.Crim.App.1989). If pursuant to our neutral review of the rec-

ord we determine beyond a reasonable doubt that the nature of the error is such that the error could not have affected the jury, then the error is harmless; otherwise it is not. *Id.* at 586–87. If the error is not harmless beyond a reasonable doubt, we are required to reverse the judgment. *See* TRAP 44.2(a). In making our decision, we examine the error and all its effects such as (1) the source of the error, (2) the nature of the error, (3) to what extent the erroneous matter was emphasized by the State, (4) the probable collateral implications of the error, (5) how much weight a juror would probably place upon the error, and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris*, 790 S.W.2d at 587–88. We do not review the evidence and decide an appropriate sentence for appellant, thereby substituting our judgment for that of the jury. *See id.* at 585, 587. Rather, our function is to determine whether the error might possibly have affected the jurors' decision. *Id.* at 587–88.

In applying the above factors, we note that the State was the source of the error. Counsel for appellant moved for a hearing outside the presence of the jury as to sufficiency of the evidence of unadjudicated offenses on which the State had given notice that it would offer evidence during the punishment phase of trial. The trial court denied appellant's motion after securing a representation from the State that its proof would meet the appropriate requirements. The State presented four witnesses during the punishment phase of trial. The direct examination of the four witnesses comprised approximately 50 pages of testimony in the transcript. Two of the witnesses and over one-third of the direct testimony in the transcript were directed solely to proving the cocaine pos-

---

1. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP—".

session charge. During jury summation on punishment the prosecutor argued:

> When he got arrested for the offense you all have convicted him of, less than two months later, he is stopped again for another drug offense. What in the world does that tell you? That tells you you have somebody that absolutely will not follow the rules that our society is governed by.

During the punishment phase of trial the State produced evidence of six other offenses by appellant, including a Class A misdemeanor assault offense, three Class B misdemeanor theft offenses, a Class A misdemeanor offense of unlawfully carrying a weapon, and a third-degree felony offense of burglary of a vehicle. Only the cocaine possession charge complained of by appellant arose after the date of the crime for which appellant was convicted. None of the other offenses involved illegal drug possession.

Evidence of an arrest for drug possession occurring after the date of the crime for which appellant was convicted could well be more important to a juror determining appellant's sentence than evidence of prior offenses which did not entail drugs. The State's final jury argument which we have quoted above urged the jury to give weight to the subsequent cocaine possession offense in sentencing appellant.

We cannot determine beyond a reasonable doubt that the evidence of appellant's cocaine possession on September 11, 1997, did not contribute to the jury's determination of the punishment assessed to appellant. Therefore, we sustain appellant's seventh, eighth, and ninth issues. TRAP 44.2(a).

The judgment of guilt is affirmed. The judgment as to punishment is reversed and the case is remanded for a new trial as to punishment.